UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HALEY D. HERNANDEZ | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| HOME HEALTHCARE PARTNERS, LLC d/b/a DELTA HOME HEALTH | MAGISTRATE JUDGE: |

## COMPLAINT

The Complaint of HALEY D. HERNANDEZ, a resident of the full age of majority of Tangipahoa Parish, Louisiana, respectfully represents:

1.

Jurisdiction is founded herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1367. Venue is proper within the Eastern District as the majority of the incidents sued upon herein occurred within this judicial district.

2.

Made defendant herein is Home Healthcare Partners, LLC d/b/a Delta Home Health (hereinafter referred to as "Delta Home Health"), a foreign corporation doing business in Tangipahoa Parish, Louisiana, which is justly and truly indebted unto Ms. Hernandez for all sums as are reasonable under the premises, punitive damages, attorney's fees, all costs of these proceedings, and all such other relief to which Ms. Hernandez is entitled at law or in equity.

3.

On or about February 21, 2011, Complainant was hired by Delta Home Health as a Care Transition Coordinator.

4.

At all times pertinent hereto, Complainant was an "employee" of Delta Home Health within the meaning and intent of Louisiana and Federal law.

5.

At all times pertinent hereto, Defendant was the "employer" of Complainant within the meaning and intent of Louisiana and Federal law, and upon information and belief, employed greater than 500 employees.

6.

In late May 2011, Complainant informed Delta Home Health's Marketing Director, Jim Meher, that she was pregnant. Then on June 17, 2011 and June 24, 2011, she was written up by the Human Resources Manager, John Murphy, for failing to meet a weekly job goal of four admits. Complainant knows of two male Care Transition Coordinators who have failed to meet the weekly goal, but neither of the male employees were written up.

7.

On or about June 28, 2011, Complainant filed a charge of discrimination with the Equal Employment Opportunity Commission. Very soon thereafter, on July 8, 2011, she was written up again and told that she had to send Jim Meher daily e-mails outlining detailed information from every visit she made every day of the following week beginning on July 11, 2011. Complainant was not told why she had to send daily emails or why she was the only Care Transition Coordinator required to send daily emails.

8.

On or about July 13, 2011, Complainant called Susan Crosby, Corporate Human Resources Director, and complained about the discriminatory treatment. Complainant was then discharged on July 15, 2011.

9.

After her discharge from employment, on or about July 27, 2011, Complainant filed another charge with the EEOC regarding Defendant's unlawful actions since the filing of her first EEOC charge.

10.

Complainant was discriminated against because of her sex/pregnancy and was subsequently retaliated against for opposing the unlawful discrimination to her employer and for filing a charge with the EEOC. The unlawful acts by Delta Home Health are in violation of Title VII of The Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*; Louisiana Employment Discrimination Law, La. R.S. 301, *et seq.*; and Louisiana anti-reprisal law, La. R.S. 23:967.

12.

Complainant timely filed Charges of Discrimination with the EEOC and received Notices of Right to Sue dated June 6, 2012.

13.

Delta Home Health is *respondeat superior* liable under Louisiana law for the unlawful conduct of its employees described herein.

14.

As a result of the incidents sued upon herein, Complainant has sustained damages which include, but are not limited to, past and future lost wages and benefits, including back pay and front pay in lieu of reinstatement; lost anticipated wages due to a wage increase; lost anticipated wages which would have resulted from a lost promotion; lost promotional opportunities, promotion and advancement; severe emotional distress, mental anguish, humiliation, and embarrassment; damage to reputation; loss of earning capacity; expenses in finding comparable employment; and all such other damages as will be more fully shown at trial.

15.

By the actions described above, Defendant, through its agents and/or employees, has engaged in intentional discrimination and with malice and/or reckless indifference to the federally protected rights of Complainant, and thus is liable for punitive damages.

16.

Complainant is entitled to and desires an award of attorney's fees, litigation expenses, and all such other relief to which she is entitled at law or in equity, pursuant to Louisiana and Federal law.

17.

Complainant is entitled to and requests a trial by jury.

WHEREFORE, Complainant, Haley D. Hernandez, prays for a trial by jury and after due proceedings are had, that there be judgment in her favor and against defendant, Home Healthcare Partners, LLC d/b/a Delta Home Health, for all sums as are reasonable under the premises, punitive damages, attorney's fees, all litigation expenses, legal interest, and all such other relief to which Complainant is entitled at law or in equity.

Respectfully submitted:

/s/Robert L. Campbell
Robert L. Campbell - La. Bar Roll No. 27986
WILLIAMSON, FONTENOT & CAMPBELL, LLC
343 Royal Street
Baton Rouge, LA 70802
Telephone: (225) 383-4010
Facsimile: (225) 383-4114
robb@lawyerbatonrouge.com

/s/J. Parker Layrisson
J. Parker Layrisson - La. Bar No. 28120
PARKER LAYRISSON LAW FIRM
125 East Pine Street
Ponchatoula, LA 70454
Telephone: (985) 467-9525
Facsimile: (985) 370-9835
lawyer@layrisson.com

*Attorneys for Complainant Haley D. Hernandez*